IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC S. WEST,

   Plaintiff,

v.                Case No. 19-3090-JWB

BOARD OF SHAWNEE COUNTY
COMMISSIONERS, *et al.*,

   Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand the action to state court. (Doc. 11.) Defendants have responded (Docs. 13, 14.) No reply has been filed and the time for filing a reply has expired. For the reasons stated herein, Plaintiff's motion to remand (Doc. 11) is DENIED.

**I. Facts**

Plaintiff initially filed a petition against Defendants in Shawnee County District Court on June 7, 2017. (Doc. 11 at 6.) The case was designated as No. 2017-CV-000393. (*Id.*) The petition alleged claims of medical negligence and deliberate indifference to serious medical needs in violation of 42 U.S.C. § 1983. (Doc. 13 at 1.) Plaintiff amended his petition several times, filing a Third Amended Petition on January 15, 2018. (Doc. 11 at 6.) The parties then engaged in discovery. On October 31, 2018, the parties agreed to a stipulation of dismissal of the action without prejudice. (Doc. 1-1 at 11.) In the stipulation, the parties agreed that "this action may be

re-filed within six (6) months of the filing of this Dismissal pursuant to K.S.A. 60-518."[1] (*Id.*) Defendants also agreed that upon refiling, the petition could be served upon Defendants' attorneys of record for service of process. (*Id.*)

Plaintiff re-filed his petition in Shawnee County District Court on April 25, 2019. (Doc. 1-1 at 1.) The petition was essentially identical to Plaintiff's prior Third Amended Petition. The action was designated as No. 2019-CV-000322. Defendants concede they were served with this petition at the time of its filing. (Doc. 1 at 2.)

On May 13, 2019, Defendants filed a notice of removal, asserting that the action was removable because this court has original jurisdiction over Plaintiff's § 1983 claim and supplemental jurisdiction over the remaining claims, and that the removal was timely because "[l]ess than 30 days have passed since Defendants were served and [removal] is therefore timely pursuant to 28 U.S.C. § 1446(b)(1)…." (Doc. 1 at 2.)

## II. Statutory time limit on removal

Section 1446(b) requires in part that a notice of removal be filed "within 30 days after the receipt by the defendant, … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading … from which it may be first ascertained that the case is one which is or has become removable." *Id.*, § 1446(b)(3).

## III. Analysis

---

[1] This is a reference to the Kansas Savings Statute, which provides: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff … may commence a new action within six (6) months after such failure." K.S.A. 60-518.

Plaintiff contends the removal was untimely because Defendants did not file the notice of removal within thirty days of their receipt of the initial pleading, which Plaintiff contends was the petition filed June 7, 2017, in Case No. 17-CV-000393. (Doc. 11 at 2.) Plaintiff contends the dismissal and re-filing of the petition in state court "was a continuation of the original action" that did not restart the thirty-day time limit in § 1446(b). (*Id.* at 3.) In response, Defendants argue that when an action is dismissed without prejudice and subsequently refiled, as was done here, a new action is commenced for purposes of removal, such that the removal was timely. (Doc. 13 at 3-5.)

Section 1446(b) does not expressly state how voluntary dismissal of an action followed by refiling of the same claims in a new action affects the thirty-day period. The terms of the statute, however, indicate the period starts anew if a new action is commenced. That is so because the period starts to run from receipt of "the initial pleading setting forth the claim for relief upon which *such action or proceeding* is based …." *Id.*, § 1446(b)(1) (emphasis added.) As used in § 1446(b), the ordinary meaning of "such action or proceeding" refers to the particular proceeding in which the petition is received. *See* Webster's Third New Int'l Dictionary, p. 21 (defining "action" as "a deliberative or authorized proceeding … (1) : a legal proceeding by which one demands or enforces one's right in a court of justice (2) : a judicial proceeding for the enforcement or protection of a right…."). *See also id.* at p. 1807 (defining "proceedings" as "the course of procedure in a judicial action or in a suit in litigation.") The "action or proceeding" in which Plaintiff first asserted his claim was the proceeding designated as Case No. 17-CV-00393. That action was dismissed without prejudice pursuant to stipulation. *See* Doc. 1-1 at 11 (the parties "agree that the above entitled matter be dismissed without prejudice".) At that point, there was no action or proceeding. When Plaintiff reasserted his claims by filing another petition, a new case was opened by the state court, the matter was assigned a new case number, and a new judge was assigned. (Doc. 11 at 6-

3

8.) The refiled petition thus formed the basis of a new civil action or proceeding designated as Case No. 2019-CV-000322. *Cf.* K.S.A. § 60-518 (allowing the plaintiff to "commence a new action" within six months.) Defendants' receipt of the petition in Case No. 2019-CV-000322 was the initial pleading setting forth the claim upon which "such action or proceeding" was based, and it therefore started a new thirty-day period under § 1446(b)(1). Defendants received the petition on April 25, 2019, and timely filed their notice of removal on May 13, 2019. (Doc. 1.)

Although the court finds no Tenth Circuit cases on point, a majority of other courts addressing this issue have reached the same conclusion indicated above. In *Thrasher v. Windsor Quality Food Co. Ltd.*, No. 13-CV-780-GFK-PJC, 2014 WL 1572411 (N.D. Okla. April 18, 2014), the court considered the removal of a case that was dismissed and refiled in state court under an Oklahoma statute nearly identical to K.S.A. § 60-518. The court concluded the thirty-day period of § 1446(b)(1) began to run anew with the filing of the second lawsuit in state court. *Thrasher*, 2014 WL 1572411, at *3-4. *Thrasher* cited a number of other decisions reaching the same result, including: *Beebe v. Flores,* 2012 WL 112330, at *1 (W.D. Okla. Jan. 12, 2012) ("courts which have addressed this issue uniformly agree that when an action is dismissed without prejudice – even when voluntarily so by the plaintiff – and subsequently re-filed, a new 'action' is commenced for purpose of removal."); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 247 (S.D. Fla. 1982) (filing of second action after voluntary dismissal of first action commenced "a wholly new lawsuit" that started thirty-day period for removal); *Price v. Food Lion, Inc.*, 768 F. Supp. 181 (E.D. Va. 1991) ("by nonsuiting the first lawsuit and refiling, plaintiff has begun a new proceeding" that starts the thirty-day period); and *Chott v. Cal Gas Corp.*, 746 F. Supp. 1377, 1378 (E.D. Mo. 1990) ("plaintiff's refiling of the petition after a voluntary dismissal creates a new action for purposes of removal."). Other cases have reached the same conclusion. *See e.g., Butar v.*

*Hamilton Sundstrand Corp.*, No. 09-C-3437, 2009 WL 2972373, *2 (E.D. Ill. Sept. 11, 2009) (re-filing a complaint in a second suit is a new action that triggers a thirty-day removal period). The reasoning of a prior District of Kansas decision also supports this conclusion, although it addressed the separate one-year time limit for removal (now in § 1446(c)(1)) rather than the thirty-day limit. *Runyan v. Mentor Corp.*, No. 94-2185-GTV, 1994 WL 374500, *1 (D. Kan. June 22, 1994) (agreeing with *Chott* that "plaintiff's refiling of the petition after the voluntary dismissal without prejudice created a new action for purposes of removal.")

There are some contrary decisions. *See e.g., Estate of Wines by Wines v. Blue Cross Blue Shield of Michigan*, 2012 WL 13013370, *6-7 (E.D. Mich. June 18, 2012) ("The parties' stipulation and agreement that Plaintiff would immediately refile the same action in the same court before the same judge are facts that distinguish this case from those Defendant relies upon"; removal is not favored "where the 'new action' commenced is no more than a formality and a continuation, in all other respects, of the original action.'"); *Korzinski v. Jackson,* 326 F. Supp.2d 704, 709 (E.D. N.C. 2004) (remand where second complaint "only nominally served to commence a new action, but in substance was only a continuation of the previous action….") But the court finds this line of cases unpersuasive, primarily because these decisions do not account for the statutory language, which starts the thirty-day period upon receipt of a pleading alleging the claim for relief "upon which such action or proceeding" is based. The idea that commencing a second lawsuit in these circumstances is "in substance" a continuation of a prior dismissed action alters the ordinary meaning of that phrase. The statute makes it material that a different "action or proceeding" is brought, regardless of whether it is "in substance" identical to one previously dismissed.

IT IS THEREFORE ORDERED this 13th day of August, 2019, that Plaintiff's motion to remand (Doc. 11) is DENIED.

                                                                s/ John W. Broomes
                                                                 JOHN W. BROOMES
                                                                UNITED STATES DISTRICT JUDGE